IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. BYRNE AND BARBARA BYRNE | : | No. 4:CV-05-00466 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| SALOMON SMITH BARNEY, INC. | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**July 15, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a second Motion for Remand (Rec. Doc. 14) filed by Plaintiffs John J. Byrne and Barbara Byrne ("Byrnes" or "Plaintiffs"). Also pending is a Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 10) filed by Defendant Salomon Smith Barney, Inc. ("Smith Barney," "SSB," or "Defendant"). The parties have filed timely responses to the Motions and both are now ripe for our review.

For the following reasons, we will deny Plaintiffs' Motion for Remand and grant Defendant's Motion to Compel Arbitration. As a result, the case will be closed, but with the proviso that it may be reopened for cause shown by either

party.

**STATEMENT OF FACTS**

According to the amended complaint, Plaintiffs contracted with the Defendant to act as their securities broker in February 2001. (Am. Cmplt. Rec. Doc. 11). They agreed that certain individual employees of the Defendant would be responsible for managing certain percentages of Plaintiffs' account at Smith Barney. However, Plaintiffs contend that this agreement was not adhered to by Smith Barney, which was repeatedly unable to substantiate which of its traders was making stock trades for Byrnes' account. When asked, Plaintiffs allege that Smith Barney provided them with "fabricated and phone excuses for their willful and malicious failure and refusal to properly handle the Plaintiffs' assets." (Id. ¶ 38).

In their amended complaint, Plaintiffs allege in separate counts, claims for securities fraud, common law fraud, conversion, negligence, breach of contract, bad faith conduct, and deceptive trade practices. (Id. passim.).

Although Plaintiffs do not attach the relevant contract language to their amended complaint, the Defendant did so as an exhibit to its Motion to Compel Arbitration. (See Rec. Doc. 10 Ex. B; Account Application and Client Agreement)(the "Agreement"). The Agreement contains four pages with the Plaintiffs' signatures appearing on the second page. Immediately above their

signatures is the statement, "I acknowledge that I have received the Client Agreement which contains a pre-dispute arbitration clause in Section 6." Id. at 2. Also relevant to the disposition of Defendant's Motion is the pre-dispute arbitration clause contained in the Agreement, which states, in relevant part:

- **Arbitration is final and binding on the parties**

- **The parties are waiving their right to seek remedies in court, including the right to jury trial.**
  **...**

- **I agree that all claims or controversies ... between me [the Plaintiffs] and SSB ... arising from (I) any account maintained by me with SSB individually or jointly with others in any capacity; (ii) any transaction involving SSB ...; the construction, performance or breach of this or any other agreement between us, any duty arising from the business of SSB or otherwise, shall have determined by arbitration before, and only before, and self-regulatory organization or exchange of which SSB is a member. ...**

Id. at 3-4 (emphasis in original).[1] According to the date of the Byrnes' signatures, the parties entered into this contract on February 2, 2001.

## PROCEDURAL HISTORY:

In its short time on our docket, this case has already developed a complicated procedural history. The action was originally filed by Plaintiffs in the

---

[1] We note that the language in the Agreement relating to arbitration is the only text on the two pages of provisions that was bolded in the original by Smith Barney.

3

Lackawanna County Court of Common Pleas on February 4, 2005.  Subsequently, Defendant removed the case to our docket on March 3, 2005 pursuant to 28 U.S.C. § 1446(b), which allows removal of cases in which there exists federal jurisdiction within thirty (30) days of the service of a complaint and removing party.  (<u>See</u> Rec. Doc. 1; Notice of Removal).

After the removal, Plaintiffs filed a Motion for Remand, which we denied by our Order dated April 12, 2005 because Plaintiffs failed to accompany this filing with a memorandum of law in accordance with the Local Rules.  (Rec. Doc. 9). Later on April 12, 2005, the Defendant filed a Motion to Compel Arbitration and Stay Proceedings, contending that the dispute between the parties must be arbitrated in accordance with the Agreement signed by Plaintiffs.  (Rec. Doc. 10).

Presumably in reaction to our April 12, 2005 Order, on April 29, 2005 Plaintiffs filed an amended complaint that deleted references to the Securities Act of 1933 and the Securities Exchange Act of 1934.  Plaintiffs also filed a second Motion for Remand, indicating therein that the removal of references to the Securities Acts eliminated this Court's jurisdiction.  The parties have each appropriately rendered briefs and both Motions are accordingly now ripe for our review.

**DISCUSSION:**

At the outset, we must first resolve Plaintiffs' Motion for Remand, since it contests whether this court does indeed have jurisdiction over the action. Only if we find that we have jurisdiction over the amended complaint, can we then proceed to analyze Defendant's Motion to Compel Arbitration.

### A.     Plaintiffs' Second Motion for Remand

Defendant removed this case to federal court due to its claim that a federal question was set forth in the initial complaint.  As stated in Defendant's Notice of Removal, "This Court has original jurisdiction over this matter based upon the existence of a federal question pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise, in part, under the laws of the United States, specifically the Securities Exchange Act of 1934."  (Notice of Removal ¶ 6; Rec. Doc. 1).

Defendant notes several references by the Plaintiffs' to federal securities laws in the initial complaint.  In ¶ 42 of that complaint, Plaintiffs stated that:

> The Defendant's handling of the Plaintiffs' assets constituted a scheme, device, or artifice to defraud, as well as a practical course of conduct that operated as a fraud or deceit against the Plaintiffs and constitute violations of the **Securities Act of 1933, Securities Act of 1934, and regulations as promulgated by the Securities and Exchange Commission** and the Rules of the National Association of Securities Dealers.

(Cmplt. ¶ 42; Rec. Doc. 1)(emphasis added).  In their amended complaint, Plaintiffs altered ¶ 42, omitting references to either the Securities Act of 1933 and

the Securities Exchange Act of 1934:

> The Defendant's handling of the Plaintiffs' assets constituted a scheme, device, or artifice to defraud, as well as a practical course of conduct that operated as a fraud or deceit against the Plaintiffs and constitute violations of the Rules of the National Association of Securities Dealers.

(Cmplt. ¶ 42; Rec. Doc. 1). The deletion by Plaintiff of any reference to these two Acts is the only cognizable difference between the initial and amended complaint.

Courts have consistently not remanded cases when the federal claim which gave rise to federal jurisdiction was deleted after a defendant's removal. See Westmoreland Hosp. Ass'n v. Blue Cross of Western Pa., 605 F.2d 119, 123-24 (3d Cir. 1979)("A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction.").[2] Because as noted the only changes cognizable in the amended complaint were deletions clearly intended to divest this Court of jurisdiction, we will disregard them and refer to the complaint as originally filed, together with the Petition for Removal.

---

[2] Several courts in our circuit have applied this doctrine more recently. See, e.g., Briones v. Bon Secours Health Sys., 69 Fed. Appx. 530, 535 (3d Cir. June 25, 2003)(Though appellants after removal amended their complaint, 'the nature of plaintiff's claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal was filed.'")(quoting Westmoreland, 605 F.2d at 123); Matthews v. Key Bank U.S.A. Nat'l Ass'n, 1999 WL 398716 at *2 (E.D.Pa. June 17, 1999)(citing Westmoreland and cases from other circuits for the proposition that it is "well-settled that plaintiffs may not rely on amendment-as-of-right provision of Fed. R. Civ. P. 15(a) to defeat court's jurisdiction)(internal citations omitted).

In the initial complaint, Plaintiffs averred in Count I that Defendant's perpetrated "securities fraud." It is undeniable that the primary vehicles for regulation of securities and securities fraud are the federally-enacted Securities Act of 1933 and the Securities Exchange Act of 1934. See, e.g., In re Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 286-87 (3d Cir. 1990)("Because the plaintiffs asserted claims under the Securities Exchange Act of 1934, the District Court had federal question jurisdiction under 15 U.S.C. § 78aa and 28 U.S.C. § 1331."). Since the Plaintiffs have asserted claims that implicate these federal securities laws, and since those claims clearly remain in the amended complaint, albeit without specifically mentioning the relevant federal Acts, we find that this Court does indeed have federal question jurisdiction over Plaintiffs' amended complaint. Regretably, Plaintiffs have rendered a filing which is both clumsy and disingenuous in order to effectuate a remand. We are accordingly compelled to deny Plaintiffs Motion for Remand, and will proceed to consider Defendant's Motion to Compel Arbitration.

### B. Defendant's Motion to Compel Arbitration

Defendant contends that when it initiated a relationship with the Plaintiffs in 2001, Plaintiffs signed the Agreement in which they consented to the previously referenced mandatory arbitration provision in the event of a dispute. Again and as

previously noted, the Client Agreement states that the signatories "acknowledge that [they] have received the Client Agreement which contains a pre-dispute arbitration clause in Section 6." The Agreement further states that "[t]he parties are waiving their right to seek remedies in court, including the right to jury trial."

In resolving a motion to compel arbitration, we engage in a two-step inquiry into: "(1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005)(citing PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990), overruled on other grounds by Howsam v. Dean Witter Reynolds, 537 U.S. 79, 85 (2002).[3] Plaintiffs do not contest that the particular dispute falls within the scope of the Agreement. Rather, they contend that the Agreement itself is invalid.

We will therefore proceed to determine whether the Agreement is valid. As previously noted, Plaintiffs' signatures appear on the Agreement just below this

---

[3] Within its brief, Smith Barney states that the Agreement contains a clause mandating New York state law be used in resolution of the dispute. However, since the Plaintiffs contest the applicability of the Agreement, we cannot assume that they agree that New York law applies. Furthermore, in Part A, above, we established that we have federal question jurisdiction over this action and therefore we will apply federal law in resolving Defendant's Motion. However, were we to apply either New York or Pennsylvania state law, we would not reach an alternate conclusion regarding Defendant's Motion. See, e.g., Dickler v. Shearson Lehman Hutton Inc., 596 A.2d 860, 862 (Pa. Super. Ct. 1991)(noting that it is proper for Pennsylvania courts to look to federal law when determining whether to compel arbitration); see also N.Y. C.P.L.R. § 7501 ("A written agreement to submit any controversy ... to arbitration is enforceable without regard to the justiciable character of the controversy").

statement: "I acknowledge that I have received the Client Agreement which contains a pre-dispute arbitration clause in Section 6." Agreement at 2. Further, the Agreement states that "[t]he parties are waiving their right to seek remedies in court, including the right to jury trial." Id. at 3. Despite Plaintiffs' claims to the contrary, we find that Plaintiffs' individual signatures on the photocopied document electronically submitted to the Court firmly establish that a valid agreement was formed between the parties. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 65 (3d Cir. 1984)(holding that production of an original or duplicate of a contract is sufficient proof of its existence); see also Bell Tel. Co. of Pennsylvania v. F.C.C., 503 F.2d 1250 (3d Cir. 1974)(The court found no significance in the submission of a duplicate of a contract in place of the original.).

    Nonetheless, the Plaintiffs claim that:

> the actual account agreement contains erroneous information and I [sic] cannot verify that the Client Agreement is the one that was attached to the original application. Salomon Smith Barney was in possession of the original documents and should be required to produce those documents with the correct information ... .

(Br. Opp. Mot. Compel Arbitration at 1; Rec. Doc. 18). We find that these unsupported contentions strain credulity for several reasons. First and as previously noted, Plaintiffs' signatures are affixed to the Agreement. Agreement at

2. Plaintiffs offer no evidence or explanation in support of their apparent argument that the Agreement attached to Defendant's Motion is not the one that they signed. Second, Plaintiffs offer no explanation as to what information within the Agreement attached as an exhibit to Defendant's Motion is "erroneous." Third and relatedly, Plaintiffs fail not only to refer us to the "erroneous" information, but also omit to point out how it would invalidate the Agreement. At issue in the case <u>sub judice</u> is the arbitration clause within the Agreement. We can safely assume that this clause appears in all of Smith Barney's client agreements, and in fact there appears to be no direct claim by Plaintiffs that the arbitration clause was later concocted and inserted in a forged document by Smith Barney. Thus, even accepting, <u>arguendo</u>, Plaintiffs' non-specific arguments about the contents of the Agreement to be true, it is impossible for us to believe that Plaintiffs did not sign an Agreement containing an arbitration clause.

For these reasons, we find that the Agreement contains a valid and operable arbitration clause that compels this Court to order the parties to enter into a mandatory and binding arbitration of their dispute.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiffs' second Motion for Remand (Rec. Doc. 14) is DENIED.

2. Defendant's Motion to Compel Arbitration and Stay Proceedings (Rec. Doc. 10) is GRANTED in part and DENIED in part. The Motion is GRANTED to the extent that we compel arbitration. The Motion is DENIED to the extent that we shall deny Defendant's request for a stay of this action.

3. Plaintiffs' Amended Complaint (Rec. Doc. 11) is DISMISSED with prejudice.

4. The Clerk shall close the file on this case.

5. Either party may petition the Court to reopen this action for good cause shown.

6. The case management conference scheduled for July 28, 2005 is cancelled.

S/ John E. Jones III  
John E. Jones III  
United States District Judge